**Philip R. COMBS, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2013–SC–000238–KB.

Supreme Court of Kentucky.

Oct. 24, 2013.

---

### OPINION AND ORDER

Philip R. Combs asks this Court to enter an order resolving his pending disciplinary case, KBA File 19886, by imposing a 30–day suspension from the practice of law, probated for a period of one year with certain conditions. This motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

Combs was admitted to the practice of law in the Commonwealth of Kentucky on October 1, 1975. His bar roster address is 725 Brittany Trail, Florence, Kentucky 41042, and his bar member number is 13861.

This case relates to Combs's representation of Leona Case in a bankruptcy proceeding in 2011. According to Case and Combs, Case failed to disclose to him a substantial asset, a corporation, that she eventually sold in an asset-purchase transaction for over $60,000, and the asset was not listed on the bankruptcy petition. Combs learned of the asset while the bankruptcy petition was pending, and even assisted Case with legal matters related to the sale of the corporation and filed additional documents in the bankruptcy case. Nevertheless, Combs failed to correct the bankruptcy petition to reflect the asset. Case's debts were discharged by the bankruptcy court based on the uncorrected petition.

Several months after the discharge order, a bar complaint was filed against Combs for his failure to amend the petition. Upon receipt of this complaint, Combs tried to contact the bankruptcy trustee by phone but was unsuccessful. He then retained counsel to contact the trustee, who filed a motion to reopen Case's bankruptcy case.

The trustee held a Rule 2004 examination at which the trustee questioned Case about the corporation she previously owned. Case stated that she knowingly did not reveal the business interest to Combs or the bankruptcy court, and that after she discovered that the proceeds of the sale could be subject to turnover to the trustee, she transferred them to a company owned by her sister in an effort to place them beyond the bankruptcy court's reach.

In January 2013, the Inquiry Commission issued a two-count charge against Combs. Count I alleged that Combs had violated SCR 3.130–3.3(a)(1)[1] by failing to correct material misstatements in Case's bankruptcy petition after January 29, 2011, the date upon which Combs was informed that the corporation was to be sold, to reflect that at the time of the filing of the bankruptcy petition, Case had been the owner of the corporation, which had a value of approximately $62,500. Count II alleged that Combs violated SCR 3.130–8.4(c)[2] by failing to notify the bankruptcy trustee promptly after January 29, 2011, that Case had additional assets worth approximately $62,500.

Combs and Bar Counsel worked quickly to resolve the matter, having already reached a negotiated sanction under SCR 3.480(2). Per the negotiations, Combs is to be suspended from the practice of law for 30 days, with that suspension probated for one year on the conditions that Combs complete the Office of Bar Counsel's Ethics Professionalism Enhancement Program, that he not be charged with any new disciplinary violations within one year of the Court's order, and that he pay the costs of the proceedings as required by SCR 3.450.

Combs admits that he is guilty of violating the Rules of Professional Conduct as charged, and now asks the Court to enter an order in conformity with his negotiations with Bar Counsel. Combs has no history of past discipline.

Bar Counsel has no objection and asks that the motion be granted, noting a probated thirty-day suspension is appropriate and in line with other cases. According to Bar Counsel, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the sanction proposed by Combs.

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court. After reviewing the allegations, and Combs's disciplinary record, this Court concludes that the discipline Combs proposes is adequate.

## ORDER

ACCORDINGLY, IT IS ORDERED THAT:

1. Philip R. Combs is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Combs is suspended from the practice of law for 30 days, with that suspension probated for a period of one year on the conditions that (a) he attend and complete the Ethics Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel within the next year, for which he shall not apply for any

1. SCR 3.130–3.3(a)(1) states: "A lawyer shall not knowingly ... make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer...."

2. SCR 3.130–8.4(c) states: "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation...."

CLE or other ethics credit, and he provides a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, such release to continue in effect for one year after he completes the EPEP to allow Bar Counsel to verify that he has not reported any of the EPEP hours to the CLE Commission; and (b) he not be the subject of new disciplinary charges during the period of probation.

3. In accordance with SCR 3.450, Combs is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $32.10, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 24, 2013.

/s/ John D. Minton, Jr.
    Chief Justice